**OMNI EQUITIES, INC., Edward Artes–Roy, Richard E. Gordon, Jr., Katherine K. Gordon,**

v.

**The PEARL S. BUCK FOUNDATION, Magnacard, Inc., The Solaris Foundation, Inc., Highland Realty Corporation of Lake County,**

**Civ. A. No. 93–68.**

United States District Court,
E.D. Pennsylvania.

March 17, 1994.

Rita M. Farry, Rita M. Farry, P.C., Denver, CO, James D. Moran, Philadelphia, PA, for Omni Equities, Inc.

Benjamin S. Ohrenstein, Haverford, PA, for The Pearl S. Buck Foundation, Inc.

Neal J. Blaher, Brian R. Gilchrist, Allen, Dyer, Doppelt, Franjola and Milbrath, P.A., Orlando, FL for Richard E. Gordon, Jr.

Reinhard Mueller, pro se.

Edward Artes–Roy, pro se.

James D. Moran, Philadelphia, PA, for Magnacard, Inc., Solaris Foundation and Highland Realty Corp. of Lake County.

## OPINION AND ORDER

VanARTSDALEN, Senior District Judge.

### Introduction

The only basis for federal jurisdiction over this case is diversity of citizenship pursuant to 28 U.S.C. § 1332. Although a nonjury trial was held on February 14, 1994, it now appears that there is a lack of complete diversity of citizenship of all essential ("indispensable") parties plaintiff from all essential ("indispensable") parties defendant. This court therefore lacks subject-matter jurisdiction and the case will be dismissed.

### Legal Standard

Subject-matter jurisdiction is premised solely on the diversity of citizenship of the parties and on an amount in controversy exceeding the jurisdictional amount of $50,-000.00. 28 U.S.C. § 1332 (1993). When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal. *Newman–*

*Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 829, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989). A corporation is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c) (1993). The parties invoking federal jurisdiction, in this case plaintiffs Omni Equities, Inc. (Omni) and Edward Artes–Roy, bear the burden of affirmatively pleading and proving subject-matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Once jurisdiction is challenged, as it has been in this case by joined parties plaintiff Richard E. Gordon and Katherine K. Gordon (the Gordons), the party invoking federal jurisdiction must support the jurisdictional allegations with "competent proof" and show "by a preponderance of evidence" that jurisdiction exists. *Id.* at 189, 56 S.Ct. at 785.

Far from supplying competent proof, the pleadings in this case betray a vigorous effort by certain parties to sidestep or obfuscate the determination of citizenship. Since those parties also assert diversity of citizenship with equal vigor, the court has examined an array of materials to determine citizenship, including some appended to pleadings and others from outside sources. *See Land v. Dollar,* 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947) (holding that a court may examine materials outside the Complaint to determine whether subject-matter jurisdiction exists).

### Procedural History

This action was commenced in this court by a complaint filed by Omni against The Pearl S. Buck Foundation (Pearl Buck Foundation) on January 6, 1993. (Filed Doc. No. 1.) The complaint alleged that Omni was incorporated in Massachusetts and had its principal place of business in California. (Filed Doc. No. 1 at ¶ 3.) The Pearl Buck

Foundation was alleged to be incorporated in Delaware and with its principal place of business in Pennsylvania. (Filed Doc. No. 1 at ¶ 4.) These allegations are not contested. Complete diversity therefore existed at the outset upon the filing of the action.

The original complaint alleged that on July 21, 1985, the Solaris Foundation, Inc. (Solaris) conveyed four described parcels of Florida real estate as a donation to the Pearl Buck Foundation as Trustee for the Roy Family Endowment for Gifted Children. According to the complaint, all of the money for acquiring the parcels of real estate emanated from various contributions by Omni to Solaris and other predecessors in title. The action was filed by Omni as a debtor-in-possession then under the jurisdiction of the United States Bankruptcy Court for the Central District of California. The relief sought was for a "judgment avoiding the transfers described above [the conveyance of the four parcels of Florida real estate to Pearl Buck Foundation] and such further relief as is appropriate." The only property involved in the original complaint was the four parcels of real estate.

The second amended complaint was filed on August 24, 1993 by Artes–Roy as an added party plaintiff and alleged creditor of Omni. That complaint made allegations of cash and stock transfers from Solaris to the Pearl Buck Foundation, in addition to the real estate transfers. (Filed Doc. No. 24.) That complaint prayed that "all of the defendants be ordered by this court to take whatever actions necessary to effectuate the transfer of title to parcels A, B, C and D [the Florida real estate] to the benefit of Omni's creditors" and that "defendant [Pearl Buck Foundation] be ordered to pay to the creditors of Omni the sum of three million dollars ..." The conveyances are alleged to have been contrived "to delay, hinder and defraud creditors" of Omni.[1]

1. The Circuit Court for the Eighth Judicial Circuit for Alachua County, Florida, on February 12, 1994 (prior to commencement of the trial in this court) enjoined Artes–Roy, Omni, Pearl Buck Foundation, and Highland Realty "from seeking judicial determination of the disposition or ownership rights of the real property," being the four parcels of Florida real estate. Because Solaris was not enjoined the parties urge this court to ignore the injunction and decide all issues, including the validity of the real estate transfer. It is quite obvious that the parties (excluding the parties involuntarily joined as plaintiffs, namely, Mr. and Mrs. Gordon) seek to circumvent and

The Pearl Buck Foundation filed an answer that in effect placed in issue the allegations of any fraudulent conveyances, denied any knowledge of any fraud or attempt to defraud Omni's creditors, and affirmatively alleged that it expended money and changed its position in reliance upon the conveyances being valid. (Filed Doc. Nos. 4, 17, 25.) The answer prayed that "the Court discharge defendant from all liability."

On April 12, 1993, Artes–Roy and Reinhard Mueller filed, pro se, separate motions to intervene as parties plaintiff. (Filed Doc. Nos. 7, 8.) The motions alleged that each movant was a creditor of Omni, and because the voluntary bankruptcy petition of Omni was dismissed on March 30, 1993, "Omni would not be able to adequately represent movant's interest." Because neither Omni nor the Pearl Buck Foundation filed any

objection and both acquiesced in the motions, the motion was granted. (Filed Doc. No. 14.) [2]

Artes–Roy, as an intervening party plaintiff, filed an amended complaint on June 22, 1993. (Filed Doc. No. 16.) The amended complaint simply added Artes–Roy and Mueller as parties plaintiff, and reiterated almost verbatim all of the allegations of the original complaint.

On July 27, 1993, Artes–Roy sought to join as alleged indispensable parties defendant, The Roy Family Endowment For Gifted Children,[3] the Solaris Foundation, Inc., Magnacard, Inc., a/k/a Consumer Finance Corporation (Magnacard), and Highland Realty of Lake County, Inc. (Highland Realty).[4] (Filed Doc. No. 19.) There was no allegation as to the citizenship of any of the parties sought to be joined. Again, because there

---

"trump" all of the proceedings in the Florida state court. I am further advised that the preliminary injunction issued by the Florida state court was vacated on or about March 10, 1994. Because this action will be dismissed for lack of diversity jurisdiction, these issues will not be further addressed.

**2.** The motion to intervene did not allege the citizenship of either movant, but contained a Reno, Nevada, address for Artes–Roy and a Fort Lauderdale, Florida, address for Mueller. Assuming both were then residents at the respective addresses, complete diversity of citizenship among Omni, the Pearl Buck Foundation, Artes–Roy and Mueller would remain. By stipulation of all parties then involved, Mueller was voluntarily dismissed from the action by order dated August 23, 1993. (Filed Doc. No. 23.) This was probably done in order to allow the joinder as a defendant of Solaris Foundation, Inc. and/or Highland Realty of Lake County, Inc., both corporate entities apparently incorporated under the laws of Florida.

**3.** There is no evidence that the Roy Family Endowment for Gifted Children was ever served, and subsequent filings make no reference to that entity. The Roy Family Endowment for Gifted Children, apparently a Pennsylvania citizen now dissolved, therefore will not be treated as a defendant in this action.

**4.** Although Artes–Roy joined an entity named "Highland Realty Corporation of Lake County" as an indispensable party, I am far from convinced that this is the appropriate party, or even that such an entity exists. Presumably, "Highland Realty" is named because it is in the chain

of allegedly fraudulent conveyances of the Florida property, conveyed from Omni to Solaris to Pearl Buck Foundation to Magnacard to "Highland Realty," and so on. Yet according to documents submitted with the stipulation subscribed to by Artes–Roy, Pearl Buck Foundation, Omni, Magnacard, Solaris, and "Highland Realty," the actual entity involved in the chain of title is a "Highland Realty Fund, Inc.," in exchange for whose shares Pearl Buck Foundation fully satisfied a mortgage held on the Florida property by "Highland Realty Fund, Inc." (*See* Filed Doc. No. 35 Ex. K.) Thus "Highland Realty Fund, Inc." would appear to be the proper entity for joinder.

If that is the case, diversity as between defendant "Highland Realty Fund, Inc." and the plaintiffs (Artes–Roy, Omni, and the Gordons) might be preserved: "Highland Realty Fund, Inc." is allegedly a Delaware corporation. (It is also possible, however, that Florida would be declared Highland Realty Fund's principal place of business by virtue of the location of the bulk of its assets in that state.) The holding that diversity is destroyed between "Highland Realty Corporation of Lake County" and the plaintiffs is premised, however, on the parties' own evidence that "Highland Realty Corporation of Lake County" is a Florida citizen, as are the Gordons.

In apparent reliance on a deed signed by Artes–Roy as president purporting to transfer Florida property from "Highland Realty Corporation of Lake County," a corporation existing under the laws of the state of Florida, to a Curtis Singleton, (*see* App. to Filed Doc. No. 51 Ex. 23), the Gordons sought and obtained a default judgment against that particular version of "Highland Realty," rather than against "Highland Realty Fund, Inc." The recital in the deed would

was no objection by any party, the joinder as parties defendant was granted by order dated August 5, 1993. (Filed Doc. No. 22.) In that order, I expressly required that an amended complaint be filed properly alleging facts establishing diversity jurisdiction.

The second amended complaint was filed by Artes–Roy on August 24, 1993. (Filed Doc. No. 24.) Curiously, that complaint names Artes–Roy as the sole plaintiff, and includes Omni as a defendant. The transposing of Omni from a plaintiff to a defendant has never been sought by any party, and no order redesignating Omni as a defendant has been entered. Omni therefore remains as a party plaintiff, even though the parties and their counsel seem to change designations to suit their fancy.[5] Irrespective of whether Omni is a plaintiff or defendant, the second amended complaint, in violation of the order allowing joinder of additional defendants, contains inadequate allegations to establish diversity jurisdiction. Such deficiencies are usually permitted to be corrected by further amendment, but no such amendment has been attempted, and Artes–Roy has repeatedly failed to adequately substantiate claims of diversity of citizenship in any subsequent filing. The record establishes that complete diversity does not exist.

On November 19, 1993, Pearl Buck Foundation moved for the joinder of the Gordons as indispensable parties plaintiff, and all other parties either affirmatively agreed to the joinder or filed a pleading of "no objection." (Filed Doc. Nos. 28, 29, 30, 32.) By order entered December 8, 1993, the motion was granted. (Filed Doc. No. 33.)

### Diversity of Citizenship

### 1. Plaintiffs Richard E. Gordon & Katherine K. Gordon—Florida citizens

■ The record clearly establishes that the Gordons are citizens of Florida. The joinder of the Gordons as indispensable parties plaintiffs was upon a motion by the Pearl Buck Foundation alleging, inter alia, that the Gordons had obtained a final judgment against Artes–Roy, Mueller and Omni in the sum of $854,799.60 in a state court proceeding in Alachua County, Florida, and that the Gordons claim an interest in the Florida real estate involved in the present action. (Filed Doc. No. 28 at 2.) In that motion, it is further alleged that the Gordons are Florida citizens.[6] Omni, Magnacard, Solaris, and Highland—all represented by Mr. Moran, despite the fact that Omni is a plaintiff—filed a pleading stating they had "no objection to the joinder"; Artes–Roy filed a response stating that the proposed joinder "would be helpful to the resolution of the issues involved." No party has questioned or challenged the Gordons' being involuntarily joined as indispensable parties plaintiffs, nor has any party challenged the allegation that the Gordons are, or at least were, prior to Mr. Gordon's death, citizens of Florida. Solaris and Highland Realty are also citizens of Florida, notwithstanding some attempts to refute this fact. Therefore, diversity jurisdiction cannot be established, and the case must be dismissed.[7]

---

establish Highland Realty Corporation of Lake County as a Florida citizen.

5. For example, after Rita M. Farry, Esq., unsuccessfully sought to file the complaint and appear pro hac vice without local counsel, James D. Moran, Esq., entered an appearance as local associate counsel. (Filed Doc. No. 6.) Commencing at least by November 23, 1993, Mr. Moran has appeared and filed pleadings simultaneously on behalf of Omni (a plaintiff), and Magnacard, Solaris and Highland (defendants). (Filed Doc. No. 29.) When asked about this obvious conflict of interest during the trial proceedings, he was unable to provide any explanation. In a post-trial submission, he has stated that he intends to seek the dismissal of Omni. No such motion has been filed, and this would not avoid his obvious conflict of interest unless, as the involuntarily joined Gordons contend,

there is no live controversy among the parties other than the Gordons.

6. There is a very disturbing assertion in a post-trial memorandum filed by a Florida attorney (who was admitted pro hac vice) that "Richard E. Gordon, Jr., is now deceased, but his wife, Katherine K. Gordon, is the heir or representative." (Filed Doc. No. 51 n. 3.) No substitution has been made and pleadings continue to be filed on Dr. Gordon's behalf.

7. Curiously, Pearl Buck Foundation expressly declined to join Rick Gordon and Virginia Ford, the Gordons' children, "since their interests appear to be relatively de minimis and since [Pearl Buck Foundation] believes that Rick Gordon and Virginia Ford are Florida citizens, and that their joinder shall be contrary to and shall otherwise presumably defeat the jurisdiction of this Court

## 2. Defendant Pearl Buck Foundation— Pennsylvania/Delaware citizen

The second amended complaint alleges that the Pearl Buck Foundation, both individually and in its capacity as Trustee for the Roy Family Endowment For Gifted Children "is a non-profit corporation with its principal place of business in the state of Pennsylvania." Although this is clearly an inadequate averment of citizenship for purposes of diversity jurisdiction, this deficiency may, for present purposes, be overlooked because all agree, and the evidence is clear, that Pearl Buck Foundation was incorporated in Delaware and has its principal place of business in·Pennsylvania.

## 3. Defendant Solaris—Florida citizen

█ The second amended complaint alleges as to Solaris that it is·"a dissolved non-profit corporation whose principal place of business is with its surviving Trustee, Norman Johnson, III, of Church Hill, Maryland." This is clearly an inadequate allegation of citizenship of Solaris, a corporate entity, for purposes of diversity jurisdiction. Moreover, in a deposition taken January 25, 1994, Reinhard Mueller stated unequivocally that the Mr. Johnson referred to in the second amended complaint was "living in Florida." [8] It is clear from documents filed that Solaris, at least prior to dissolution, was incorporated in the State of Florida. The Stipulation of Facts subscribed to by Artes–Roy, Pearl Buck Foundation, Omni, Magnacard, Solaris and Highland Realty makes repeated reference to Solaris as a "Florida nonprofit corpo-

ration." (Filed Doc. No. 35 at ¶¶ 5, 6, 26.) For purposes of diversity of citizenship, Solaris, as a corporate entity, must be deemed a citizen of Florida.

## 4.· Defendant Highland Realty—Florida citizen

█ The second amended complaint alleges that "Highland Realty Corporation of Lake County ("Highland") is a corporation with a principal place of business in Denver, Colorado." Whether that allegation is factually true or false, it is an·insufficient allegation· of citizenship for purposes of diversity jurisdiction. The state of incorporation was omitted. Because the state of incorporation is most likely Florida—or possibly Nevada, in which case diversity between plaintiff .Artes–Roy and defendant Highland Realty is destroyed [9]—the omission apparently was not an oversight. The appendix to Gordon's post-trial brief attaches a photocopy of. a deed dated December 1, 1992, executed by Highland Realty that recites that Highland Realty is a corporation existing under the laws of the State of Florida, with an address of 500 Highland Street, Mount Dora, Florida. (App. to Filed Doc. No. 51 at Ex. 23.) The deed sets forth that it was prepared by Rita M. Farry of Denver, Colorado, the attorney who filed the original complaint on behalf of Omni in this action. The deed is signed by Artes–Roy as the president of Highland Realty.[10] As an entity, for purposes of diversity of citizenship, Highland Realty must be deemed a citizen of Florida.

---

..." (Filed Doc. No. 28 at 3–4.) Apparently Pearl Buck Foundation overlooked the fact that defendants Solaris and Highland Realty were also Florida citizens, and that the joinder of the Gordons alone as indispensable parties plaintiff defeated jurisdiction.

8. The post-trial brief filed on behalf of Dr. Gordon—whether or not Dr. Gordon was then living or deceased is an open question—asserts that the allegation by Artes–Roy that the surviving "trustee, Norman Johnson, III, [is a resident] of Church Hill, Maryland, is simply a lie." Because the allegations as to the citizenship of Solaris are deficient (though they tend to prove Florida citizenship) and because diversity of citizenship is lacking as between the Gordons and Highland Realty, and between Omni and Magnacard, the residence of Johnson is not essential.

9. It is also possible that this or another Highland Realty is a citizen of Nevada. According to the corporate records of the Nevada Secretary of State, Artes–Roy incorporated a "Highland Realty of Nevada, Inc." in that state on September 1, 1992. *See* Highland Realty of Nevada, Inc., *available in* LEXIS, Incorp Library, Allsos File. That particular Highland Realty was therefore a citizen of Nevada at the time the present action was commenced on January 6, 1993. If it is the same Highland Realty that is a party to this suit, diversity is thus further defeated because both plaintiff Artes–Roy and defendant Highland Realty are citizens of Nevada.

Yet a third possibility has been discussed earlier: that Highland Realty is a citizen of Delaware. *See supra* note 4.

10. *See supra* note 4.

## Conclusion

It is clear that if the Gordons are proper parties plaintiff, there is no diversity jurisdiction. The Pearl Buck Foundation moved for the joinder of the Gordons as indispensable parties plaintiff and all other parties either affirmatively agreed to the joinder or filed a pleading of "no objection." The record does not show that the Gordons were ever served. It is clear that they were notified. Immediately before trial, they filed, through local counsel who attended the trial, a motion for a continuance and a motion to dismiss that raised, inter alia, lack of diversity jurisdiction. Although the Gordons might well have been able to question personal jurisdiction, they did not do so. By filing the pleadings and arguing the motion to continue and to dismiss on grounds other than lack of personal jurisdiction, they submitted to personal jurisdiction and therefore are presently parties plaintiff.

Richard E. Gordon, Jr., and Katherine K. Gordon are—or were, prior to the death of Richard E. Gordon, Jr.—and were at the time of their joinder as involuntary plaintiffs citizens of Florida. Defendants Solaris and Highland Realty were both corporations incorporated in the State of Florida and, are, therefore, citizens of Florida for the purposes of diversity jurisdiction. The joinder of the Gordons by motion and acquiescence of all parties destroyed diversity jurisdiction.

Furthermore, no diversity is present between plaintiff Omni and defendant Magnacard. According to the complaint, Omni's place of incorporation is the State of Massachusetts and its principal place of business is in the State of California. (Filed Doc. No. 1 at ¶ 3.) According to the second amended complaint filed by Artes–Roy, Magnacard's principal place of business is in Los Angeles, California. (Filed Doc. No. 24 at ¶ 6.) Therefore, the joinder of Magnacard as a defendant would also destroy diversity jurisdiction.[11]

This action must and will be dismissed for lack of subject-matter jurisdiction.[12] Plaintiffs Omni and Artes–Roy have not carried their burden of proof by a preponderance of the evidence that diversity of citizenship exists. If this Court had jurisdiction, however, it is clear that the plaintiffs have not proved their case by a preponderance of the evidence. Indeed, the stipulation to which Artes–Roy and Omni have subscribed belies all allegations of any fraudulent conveyance, suggesting an absence of a live controversy between the parties, if not an outright collusive case. On the other hand, the relief that Pearl Buck Foundation apparently now seeks, a declaratory judgment, is not available to it.[13] A declaratory judgment would not be appropriate unless all parties claiming an interest in the properties at issue are parties to the action. See Fed.R.Civ.P. 57 advisory committee's note (stating that "all parties having an interest therein or adversely affected must be made parties or be cited."). As established by the evidence, the Gordons lack diversity of citizenship from all parties defendants and therefore cannot be a party to this action, though they clearly

---

11. This might also explain why Artes–Roy suddenly and without authority opted in the second amended complaint to designate Omni a defendant. See text accompanying supra note 5.

12. The Pearl Buck Foundation contends that since diversity was present at the outset when the complaint was filed, the subsequent addition of nondiverse parties does not defeat diversity. In support of this contention—which violates the most rudimentary principles of diversity jurisdiction and which would enable scads of nondiverse parties to bring their actions to federal court just by withholding a few selected parties for later joinder—Pearl Buck Foundation quotes a Supreme Court case stating, inter alia, that "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to

the action." See Freeport–McMoRan v. K N Energy, 498 U.S. 426, 437, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991).

Pearl Buck Foundation quotes Freeport-McMoRan out of context, however. That case dealt with a substitution of parties pursuant to Federal Rule of Civil Procedure 25(c), a vastly different set of circumstances than those under scrutiny here, where Rule 19(b) was invoked to join the Roy Family Endowment For Gifted Children, Solaris, Magnacard, Highland Realty, and the Gordons.

13. It should be noted that no complaint, answer or other pleading filed by any party expressly requested that a declaratory judgment be entered, but given the tenor of the pleadings and the trial, it is hard to imagine what else Pearl Buck Foundation is seeking.

maintain an interest in the Florida property at issue, and are therefore essential parties to the controversy.

The following chart may be helpful in analyzing the respective citizenship of the parties.

**Final Determination of Citizenship**

| PARTY | CITIZENSHIP |
|---|---|
| **PLAINTIFFS** | |
| Omni Equities, Inc. | Massachusetts/California |
| Edward Artes–Roy | Nevada |
| Richard & Katherine Gordon | Florida |
| **DEFENDANTS** | |
| Pearl Buck Foundation | Pennsylvania/Delaware |
| Solaris Foundation, Inc. | Florida |
| Magnacard, Inc. | New Jersey/California |
| Highland Realty | Florida |

### ORDER

For the reasons set forth in the foregoing opinion, there being a lack of complete diversify of citizenship between all parties plaintiff and all parties defendant, Civil Action No. 93–68 is DISMISSED.

Any and all outstanding motions in Civil Action No. 93–68, other than the motion to dismiss for lack of subject-matter jurisdiction, are DENIED as MOOT.